IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>$21,940 IN U.S. CURRENCY, )<br> )<br>      Defendant. )<br>_____) | Civil No. 06-1146 (RBW) |

## ORDER

On June 23, 2006, the United States filed a Verified Complaint for Forfeiture *In Rem* against the defendant twenty-one thousand, nine hundred and forty dollars ($21,940.00). In the Complaint, the United States alleged that the defendant properties constituted or were derived from proceeds traceable to a "specified unlawful activity" and/or were involved in money laundering, and are, therefore, subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C).

1) It appearing that process was fully issued in this action with respect to the defendant currency according to law;

2) That pursuant to a Warrant of Arrest *In Rem* issued by this Court, the United States Marshal for the District served the said defendant currency on August 16, 2006;

3) That Duane McKinney did not file the requisite verified claim within the time permitted by 18 U.S.C. § 983(a)(4)(A) and Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and, therefore, he lacks statutory standing to challenge the forfeiture of the defendant currency;

4) That, based on Duane McKinney statements to the U.S. District Court for the District of Maryland, wherein he asserted he obtained an interest in the defendant currency after it had been seized by law enforcement, Duane McKinney also lacks standing under Article III of the United States Constitution to challenge the forfeiture of the defendant currency (even if he had filed a timely claim on his own behalf, which he did not);

5) That no other person or entity has filed a timely verified claim and answer challenging the forfeiture of the defendant currency and the time for filing claims has expired;

6) That the Verified Complaint supports the requested forfeiture; and

7) That no defense to the forfeiture remains interposed.

Now, therefore, on motion of the plaintiff, the United States of America, for a Default Judgment and Judgment of Forfeiture against the *in rem* defendant currency, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the Answer filed by Duane McKinney on October 11, 2006 is hereby stricken; and it is further.

**ORDERED** that the default of all persons interested in the *in rem* defendant currency identified as:

> **TWENTY-ONE THOUSAND, NINE HUNDRED AND FORTY DOLLARS ($21,940.00) IN UNITED STATES CURRENCY**

be entered and that no right, title, or interest in the above described defendant currency shall exist in any other party, and that the said defendant currency be and hereby is forfeited to the United States of America to be disposed of in accordance with law.

The Clerk is hereby directed to send copies of this Judgment of Forfeiture against the *in rem* defendant currency to the below-listed persons and a certified copy to the United States Marshals Service.

Dated this _____ day of _____, 2007.

_____
REGGIE B. WALTON
United States District Judge

cc:

Diane G. Lucas
Assistant United States Attorney
United States Attorney's Office
Asset Forfeiture Unit, Criminal Division
555 Fourth Street, N.W., Room 4822
Washington, D.C. 20530

Mr. Duane McKinney, *Pro se*
1610 R Street SE, Apartment #3
Washington, DC 20020

and

Mr. Duane McKinney, *Pro se*
1035 10th Street, NE
Washington, DC 20002

Bruce Johnson, Esq.
4301 Northview Drive
Bowie, Maryland 20716