## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **Civil No. 06-1146 (RBW)** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **$21,940 IN U.S. CURRENCY,** ) | |
| ) | |
| **Defendant.** ) | |

### PLAINTIFF'S REPLY TO DUANE MCKINNEY'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ANSWER AND FOR ENTRY OF A DEFAULT JUDGMENT AND JUDGMENT OF FORFEITURE AGAINST THE *IN REM* DEFENDANT CURRENCY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to Duane McKinney's ("McKinney's) opposition to plaintiff's motion to strike answer and entry of default judgment and judgement of forfeiture against the *in rem* defendant currency. In support of said reply, plaintiff states the following.

On September 17, 2007, the United States filed a motion to strike answer and for entry of a default judgment and judgment of forfeiture against the *in rem* defendant currency. See Document No. 6. On November 19, 2007, McKinney filed an opposition to that motion with the Court. See Exhibit A.[1] This one page opposition addresses none of the issues raised in the government's motion. McKinney fails to establish that he has both "statutory standing" and Article III standing to contest the forfeiture of the defendant currency. Nor does he explain why he failed to file a verified statement of interest or claim. Instead, without citing any authority for his request, McKinney moves for a stay of the civil case stating that the instant matter is "in the

---

[1] For reasons unknown to Plaintiff, this document is not reflected in the Court's electronic filing system.

criminal indictment and therefore it cannot be separated . . ." Id.

Upon a motion by a claimant, 18 U.S.C. § 981(g)(2) requires the Court to stay a civil forfeiture action when three conditions are met. 18 U.S.C. § 981(g)(2) specifically provides,

> (2) Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if he court determines that–
>
> (A) the claimant is the subject of a related criminal investigation or case;
>
> (B) the claimant has standing to assert a claim in the civil forfeiture proceedings; and
>
> (C) continuation of he forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

Here, McKinney has not established his standing to contest the forfeiture–a statutory threshold requirement to obtaining a stay in a civil forfeiture proceeding as well as becoming a claimant in the action. Moreover, the government's dispositive motion does not in any way rest upon the outcome of Mr. McKinney's criminal matter.

Therefore, plaintiff opposes McKinney's motion to stay the proceedings in this matter and requests, pursuant to Fed. R. Civ. P. 55, that the Court enter a Default Judgment and for a Judgment of Forfeiture as to the defendant twenty-one thousand nine-hundred forty dollars ($21,940.00) in United States currency.

        Respectfully submitted,

        _/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        _/s/_____
        WILLIAM R. COWDEN, D.C. Bar #426301
        Assistant United States Attorney

          _/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-7912
Diane.Lucas@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of Plaintiff's Reply to Duane McKinney's Opposition to Motion to Strike Answer and Entry of Default Judgment and Judgement of Forfeiture Against the In Rem Defendant Currency and Proposed Order was sent by U.S. Postal Service, First-Class postage paid, to Mr. Duane McKinney, *pro se,* 1035 10th Street, N.E., Washington, D.C. 20002 and to his criminal defense attorney, Christopher M. Davis, Esquire, 415 10th Street, N.W., 9th Floor, Washington, D.C. 20005, on this 30th day of November, 2007.

          /s/_____
DIANE G. LUCAS